**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Kenneth S. Bolden, Appellant.

Appellate Case No. 2011-196686

———————————

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-306
Heard June 6, 2013 – Filed July 3, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia, for Respondent.

———————————

**PER CURIAM:** Kenneth Bolden appeals his conviction for breaking into a motor
vehicle. Bolden claims the trial court erred in admitting into evidence a videotape
of police speaking separately with him and the vehicle's owners after the incident.

At trial, Bolden argued that the tape should be excluded pursuant to Rule 403, SCRE, or that it should be played to the jury with the audio muted. Comparing the tape's probative value in showing Bolden lying to the police about his identity and the danger of unfair prejudice from the officers' comments on the tape, the trial court found the tape was not "overly prejudicial." We find no abuse of discretion in the trial court's decision. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Holland*, 385 S.C. 159, 171, 682 S.E.2d 898, 904 (Ct. App. 2009) ("This Court reviews a trial court's decision regarding the admissibility of evidence under Rule 403 pursuant to the abuse of discretion standard and must give great deference to the trial court's judgment."); *State v. Sweat*, 362 S.C. 117, 129, 606 S.E.2d 508, 514 (Ct. App. 2004) ("A trial judge's decision regarding the comparative probative value and prejudicial effect of relevant evidence should be reversed only in exceptional circumstances."). To the extent Bolden argues on appeal that parts of the tape could have been redacted to exclude the officers' comments, we find that argument is not preserved because it was not presented to the trial court. *See State v. Stahlnecker*, 386 S.C. 609, 622, 690 S.E.2d 565, 572 (2010) (finding argument unpreserved because it was not raised to the trial court).

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**